IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DALE HAFERLAND, on behalf of themselves and all other similarly situated individuals, JUAN MUNOZ, on behalf of themselves and all other similarly situated individuals, KARLA VELASQUEZ, on behalf of themselves and all other similarly situated individuals, and MANUEL CORONA, on behalf of themselves and all other similarly situated individuals,<br><br>    Plaintiffs,<br><br>  V.<br><br>CARGILL MEAT SOLUTIONS, Corp.,<br><br>    Defendant. | 8:09CV247<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the court on Defendant's motion to consolidate (filing 19).[1] Defendant contends that this case should be consolidated with *Martinez, et al. v. Cargill Meat Solutions, Corp.*, Case No. 4:09cv3079 (D. Neb. 2009) because the two cases present common issues of law and fact. Plaintiffs oppose consolidation arguing that the two cases are distinct and involve different legal issues.[2] For the

---

[1] This action was assigned to United States District Court Judge Joseph F. Battalion for disposition. However, on December 15, 2009, Judge Battalion reassigned this action to the undersigned (filing 28). As such, the undersigned will now rule on Defendant's motion for consolidation.

[2] The *Martinez* plaintiffs do not oppose consolidation.

reasons set forth below, Defendant's motion will be granted.[3]

### 1. Background

This case, which was filed on July 22, 2009, is a Fair Labor Standards Act ("FLSA") collective action filed on behalf of current and former employees of Defendant's Schuyler, Nebraska facility who allegedly worked without pay while donning and doffing personal protective equipment (filing 1). This case also includes class action claims under the Nebraska Wage and Hour Act and Wage Payment and Collection Act. (*Id.*)

The *Martinez* action, which was filed on April 23, 2009, is also a FLSA collective action for alleged unpaid wages for donning and doffing at Defendant's Schuyler facility. (Case No.4:09cv3079, Filing 1.)

### 2. Consolidation

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases involving common issues of law or fact as a matter of convenience and economy in judicial administration. Fed. R. Civ. P. 42(a). The consent of the parties is not required by Rule 42(a) for consolidation. 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1994). Whether to grant a Rule 12(a) motion to consolidate is within the sound discretion of the court. *United States Envtl. Prot. Agency v. Green Forest*, 921 F.2d 1394, 1402-03 (8th Cir. 1990).

When ruling on a motion to consolidate, the court must weigh the saving of time and effort that would result from consolidation against any inconvenience,

---

[3] A separate memorandum and order regarding the consolidation of these actions will be filed in the *Martinez* proceeding.

expense, or delay that it might cause. Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . ." *Id*. Additionally, "[a]ctions involving the same parties are apt candidates for consolidation. *Id*. at § 2384. However, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

After reviewing each of the cases at issue, this court concludes that consolidation is appropriate. The plaintiffs in each action allege similar causes of injury against Defendant. Specifically, each of the actions are asserted by current and former employees to recover wages based on Defendant's alleged failure to pay for time spent donning, doffing and related activities. While Plaintiffs contend that consolidation is inappropriate because this suit involves state law claims and seeks to form a Rule 23 class to pursue those claims, there has been no showing that such circumstances will lead to inefficiency, inconvenience, or unfair prejudice to them or the *Martinez* plaintiffs. Likewise, Plaintiffs have not demonstrated that the absence of a request for a judicially approved class notice in this case precludes consolidation. This court finds that consolidation is in the interest of judicial economy and, as such, should be ordered.

Accordingly,

IT IS ORDERED:

1.   Defendant's motion to consolidate (filing 19) is granted;

2.   The above-captioned action is consolidated with *Martinez, et al. v. Cargill Meat Solutions, Corp.*, Case No. 4:09cv3079 (D. Neb. 2009) for discovery, trial and all other purposes;

3. The Clerk of the United States District Court for the District of Nebraska shall adjust its records to indicate that the above-captioned case is consolidated with *Martinez, et al. v. Cargill Meat Solutions, Corp.*, Case No. 4:09cv3079 (D. Neb. 2009);

4. *Martinez, et al. v. Cargill Meat Solutions, Corp.*, Case No. 4:09cv3079 (D. Neb. 2009) is hereby designated as the "Lead Case." The above-captioned action is hereby designated as the "Member Case";

5. The court's CM/ECF System now has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file in the Lead Case, Case No. 4:09cv3079, all further documents except those described in paragraph 6 and to select the option "yes" in response to the System's question whether to spread the text;

6. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process;

7. If a party believes that an item in addition to those described in paragraph 6 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more individual member cases. The motion must be filed in all the consolidated cases using the spread text feature.

December 30, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge