# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN MARTINEZ, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiffs, ) | Case No: 4:09CV3079 |
| ) | |
| v. ) | |
| ) | |
| CARGILL MEAT SOLUTIONS CORPORATION, ) ) ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ———————————————— ) | |
| DALE HAFERLAND, JUAN MUNOZ, KARLA VELASQUEZ, and MANUE CORONA, on behalf of themselves and all other similarly situated individuals, ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 8:09CV00247 |
| ) | |
| v. ) | |
| ) | |
| CARGILL MEAT SOLUTIONS CORPORATION, ) ) ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT CARGILL MEAT SOLUTIONS CORPORATION'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Cargill Meat Solutions Corporation ("CMSC"), pursuant to Federal Rule of
Civil Procedure 56 and Local Rules 7.0.1 and 56.1 for the District of Nebraska, respectfully
moves this court for partial summary judgment in its favor dismissing with prejudice claims by
the Named Plaintiffs and Opt-in Plaintiffs (collectively "Plaintiffs") for overtime pay based on
pre- and post-shift donning, doffing, walking, waiting and equipment washing time.  CMSC has
filed contemporaneously its Brief in Support of Motion for Partial Summary Judgment and an
Index of Evidence.  In support of its motion, CMSC states as follows:

1.     CMSC is entitled to summary judgment in its favor because Section 3(o) of the Fair Labor Standards Act ("FLSA") bars Plaintiffs' claims for protective clothing and equipment pre- and post-shift donning and doffing time at CMSC's Schuyler Plant.  As more fully set forth in the Brief in Support, Section 3(o) provides that any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time by the express terms of or by custom or practice under a bona fide collective-bargaining agreement is not "hours worked." 29 U.S.C. §203(o).  The evidence submitted with this Motion shows that time spent in pre- and post-shift donning and doffing of personal protective clothing and equipment ("PPE"), which is "clothing" within the meaning of Section 3(o), has been excluded throughout the relevant time period by the express terms of a collective-bargaining agreement between CMSC and the United Food and Commercial Workers International Union, Local No. 22, which represents the Plaintiffs.

2.     Because Plaintiffs' donning and doffing claims are barred by FLSA Section 3(o), their claims for additional compensation for walking, waiting and equipment cleaning time necessarily fall into the category of being either preliminary or postliminary non-compensable activities or as activities for which they already are being paid. *See* 29 U.S.C. § 254(a).  The fact that some walking and/or waiting time occurred after pre-shift clothes-changing and before post-shift clothes-changing does not avoid application of the Portal-to-Portal Act.  Because Section 3 (o) excludes such clothes-changing and washing from the definition of "hours worked," those activities are not "principal activities" and therefore do not mark the beginning or end of the continuous workday so as to make compensable the walking and waiting time that is otherwise excluded as "preliminary and postliminary" by the Portal-to-Portal Act, 29 U.S.C. § 254(a).

2

3.      In addition, CMSC is entitled to summary judgment in its favor because throughout the relevant time period (or at least up to June 16, 2010), CMSC has relied in good faith upon opinion letters issued by the Administrator of the Department of Labor's Wage and Hour Division, specifically the June 6, 2002 and May 14, 2007 opinion letters, as the basis for its compensation practices at the Schuyler Plant, including those specifically relating to the donning and doffing of the PPE worn by Plaintiffs.  Therefore, Section 259 of the FLSA serves as a complete defense to Plaintiffs' pre- and post-shift donning and doffing claims at the Schuyler Plant.  *See* 29 U.S.C. § 259.

4.      In addition, the FLSA and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), preempt and bar Plaintiffs from recovering any additional compensation for employees under their Nebraska state law claims, including those based on the Nebraska Wage and Hour Act ("NWHA"), Neb. Rev. Stat. §§ 48-1201 to 1209; and the Nebraska Wage Payment and Collection Act ("NWPCA"), Neb. Rev. Stat. §§ 48-1228 to 1232.

5.      Alternatively, Plaintiffs' state law claims are without merit because there is no evidence whatsoever that CMSC breached any contract or other compensation obligations, or failed to meet its commitment to pay employees the additional minutes of daily compensation as provided by the collective bargaining agreement.

WHEREFORE, based on the foregoing, Defendant Cargill Meat Solutions Corporation respectfully requests that the Court grant its motion for partial summary judgment and dismiss with prejudice Plaintiffs' pre- and post-shift donning, doffing,  walking, waiting and equipment washing  claims in this consolidated action and dismiss Plaintiffs' Nebraska state law claims in their entirety.

Respectfully submitted this 15th day of October, 2010.


s/ Jeremy J. Glenn
Counsel for Defendant

Joseph E. Tilson
Jeremy J. Glenn
Meckler Bulger Tilson Marick & Pearson LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois  60606
Tel: (312) 474-7900
Fax: (312) 474-7898
joe.tilson@mbtlaw.com
jeremy.glenn@mbtlaw.com


Gail S. Perry
Baylor, Evnen, Curtiss, Grimit & Witt, LLP
Wells Fargo Center
1248 "O" Street, Suite 600
Lincoln, Nebraska 68508
Tel: (402) 475-1075
Fax: (402) 475-9515
gperry@baylorevnen.com

## CERTIFICATE OF SERVICE

I, Jeremy Glenn, hereby certify that on October 15, 2010, I electronically filed the foregoing **Defendant Cargill Meat Solutions Corporation's Motion For Partial Summary Judgment** with the Clerk of the Court using the CM/ECF System which sent electronic notification of such filing to the following:

Brian P. McCafferty
Kenney & McCafferty Law Firm
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462

Eric L. Young
Brandon J. Lauria
Egan & Young
526 Township Line Road
Blue Bell, PA 19422

Michael Hamilton
Provost Umphrey Law Firm, LLP
1 Burton Hills Boulevard, Suite 380
Nashville, TN 37215

Roger Doolittle
Doolittle Law Firm
460 Briarwood Drive, Suite 500
Jackson, MS 39206

Philip A. Downey
DOWNEY LAW FIRM
PO Box 736
Unionville, PA 19375

Christopher P. Welsh
WELSH, WELSH LAW FIRM
9290 West Dodge Street, 100 The Mark
Omaha, NE 68114

Carolyn H. Cottrell
Todd M. Schneider
SCHNEIDER, WALLACE LAW FIRM
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

Shanon J. Carson
James A. Wells
Jonathan D. Berger
Russell D. Henkin
BERGER & MONTAGUE , P.C.
1622 Locust Street
Philadelphia, PA 19103


_/s/ Jeremy J. Glenn_____

M:\13443\pleading\Motion MSJ Final.doc